UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-467-RJC-DCK

| | |
|---|---|
| WINESTORE HOLDINGS LLC, ) | |
| ) | |
| Plaintiff, ) | ORDER |
| ) | |
| v. ) | |
| ) | |
| JUSTIN VINEYARDS & WINERY LLC and ) | |
| THE WONDERFUL COMPANY LLC, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, or in the Alternative, Stay, (Doc. No. 5); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 19); Plaintiff's Objections, (Doc. No. 20); Defendants' Response to Plaintiff's Objections, (Doc. No. 22); and Plaintiff's Reply in Support of Objections, (Doc. No. 21).

I. BACKGROUND

Plaintiff Winestore Holdings LLC ("Plaintiff" or "Winestore") is a wine retailer based in North Carolina. (Doc. No. 1, ¶ 10.) Plaintiff has five stores located throughout North Carolina and also offers its products online through its website. (Doc. No. 1, ¶ 10.) Defendant Justin Vineyards & Winery LLC ("Justin") is a wine retailer based in California. (Doc. No. 1, ¶ 11.) Justin offers its products in stores throughout the United States and online through its website. (Doc. No. 1, ¶ 11.) Justin is a subsidiary of Defendant The Wonderful Company LLC ("Wonderful" and collectively with Justin, "Defendants"). (Doc. No. 1, ¶ 11.)

Plaintiff filed U.S. Trademark Application Serial No. 86/851,094 for the mark OVERBROOK on December 16, 2015. (Doc. No. 1, ¶ 14.) Plaintiff's application was approved by the U.S. Patent and Trademark Office ("USPTO") for publication and published in the Official Gazette on May 23, 2017. (Doc. No. 1, ¶ 15.) Plaintiff has been using the OVERBROOK mark in connection with wine since at least April 4, 2016. (Doc. No. 1, ¶ 16.)

Defendants own the OVERLOOK® trademark, which is the subject of U.S. Trademark Registration No. 3,158,532. (Doc. No. 1, ¶ 17.) On April 25, 2017, Defendants' counsel sent an email to Plaintiff's counsel stating, in relevant part:

> We have learned that your client has filed a trademark application for "overbrook," US Serial No. 86851094, for use with wine in International Class 33.
>
> Our client believes that this trademark is too similar to its OVERLOOK® trademark and its use could be interpreted as intending to trade off of the goodwill of our client's distinctive trademarks, creating a likelihood of confusion, mistake, and deception as to your client's affiliation, connection, or association with JUSTIN among consumers and the trade. Such unauthorized uses may also dilute our client's trademarks by, among other things, blurring the distinction between JUSTIN and your client's company. These unauthorized actions, therefore, may constitute trademark infringement, false designation of origin and unfair competition under the laws of the United States and state law.
>
> JUSTIN prefers to settle matters amicably where possible. Therefore, please contact me at your earliest convenience . . . .

(Doc. No. 1-2.)

On June 14, 2017, Plaintiff filed an action in this Court seeking a declaratory judgment that use of its OVERBROOK mark does not violate any law or any purported trademark rights of Defendants (the "First Action"). See Winestore

2

Holdings LLC v. Justin Vineyards & Winery LLC, No. 3:17-cv-00326, 2018 U.S. Dist. LEXIS 133669 (W.D.N.C. Aug. 8, 2018). Plaintiff's sole basis for filing the First Action was Defendants' April 25, 2017 email. See id.

On June 15, 2017, Justin filed a Notice of Opposition with the USPTO's Trademark Trial and Appeal Board ("TTAB"). (Doc. No. 1-3.) In its opposition, Justin contends that Plaintiff's registration and use of the OVERBROOK mark "is likely to cause confusion, mistake, or deception[.]" (Doc. No. 1-3, ¶ 13.) Justin alleges that "[t]he purchasing public is likely to be led to believe that wine or related goods bearing the OVERBROOK Mark emanate from or are . . . legitimately connected with or affiliated with [Justin], or that [Plaintiff] and its business are owned by or are affiliated with [Justin] and its OVERLOOK® branded products." (Doc. No. 1-3, ¶ 14.) Justin further states that it would be damaged from the resulting confusion if Plaintiff were permitted to use the OVERBROOK mark. (Doc. No. 1-3, ¶ 15.) Justin requests that the TTAB deny Plaintiff's application for registration of the OVERBROOK mark. (Doc. No. 1-3, ¶ 16.)

Defendants filed a motion to dismiss the First Action for lack of subject matter jurisdiction, alleging that their April 25, 2017 email was insufficient to meet the case or controversy requirement for a declaratory judgment action. Winestore Holdings LLC, 2018 U.S. Dist. LEXIS 133669, at *4. This Court granted Defendants' motion on August 8, 2018, concluding:

> At the time of Plaintiff's complaint, only Defendants' email had been exchanged, and this support is insufficient to support a controversy that is substantial, "definite and concrete" and of "sufficient immediacy and reality" to require court involvement. For these reasons, the Court finds

3

> Defendants' email insufficient to meet the actual controversy requirement for a Declaratory Judgment action, and therefore **GRANTS** Defendants' Motion to Dismiss. The Court acknowledges the alleged dispute may later rise to meet the standards for Declaratory Judgment action, so the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Id. at *15–16.

On August 27, 2018—less than three weeks after this Court dismissed Plaintiff's First Action—Plaintiff initiated the instant declaratory judgment action. (Doc. No. 1.) Plaintiff again seeks a declaratory judgment that use of its OVERBROOK mark does not violate any law or any purported trademark rights of Defendants. (Doc. No. 1, ¶ 60.)

On October 2, 2018, Defendants moved to dismiss this action, contending that Defendants' April 25, 2017 email and TTAB opposition are insufficient to meet the case or controversy requirement for a declaratory judgment action. (Doc. No. 5.) Defendants alternatively request that the Court stay this action pending the outcome of the TTAB proceeding. In the M&R, the Magistrate Judge recommended that the Court grant Defendants' motion and dismiss this case. (Doc. No. 19, at 10.)

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A)–(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

4

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998) (citations omitted).

## III. DISCUSSION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. For there to be a case or controversy justiciable for the Court, plaintiff must present a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). The

5

dispute must also be "real and substantial," admitting "of specific relief through a decree of a conclusive character, as distinguished from what the law would be upon a hypothetical state of facts." Id. The question for the Court is thus "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id.

Defendants argue that the April 25, 2017 email and TTAB opposition to Plaintiff's registration application are insufficient to meet the case or controversy requirement for a declaratory judgment action. Defendants cite several cases in which courts held that a dispute before the TTAB is insufficient, on its own, to establish an actual case or controversy for purposes of a declaratory judgment action. In response, Plaintiff argues that Justin's TTAB opposition objects not only to Plaintiff's registration, but also to Plaintiff's use of the OVERBROOK mark. According to Plaintiff, because the TTAB opposition objects to Plaintiff's use of the mark, the TTAB opposition and Defendants' email establish a sufficient case or controversy. The Magistrate Judge agreed with Defendants, concluding that "the existence of a dispute before the TTAB is not enough to establish a declaratory judgment action, and this Court has already decided that the underlying email from Defendants is not enough." (Doc. No. 19, at 10.)

Plaintiff makes three objections to the M&R. First, Plaintiff argues that the Magistrate Judge omitted material facts from the analysis. (Doc. No. 20, at 4.) Second, Plaintiff argues that the Magistrate Judge misconstrued this Court's decision

6

in the First Action. (Doc. No. 20, at 6.) Third and last, Plaintiff argues that by omitting material facts from the analysis, the Magistrate Judge failed to consider the totality of the circumstances and applied inapposite case law. (Doc. No. 20, at 6.) The Court addresses each of these objections in turn.

A. The Magistrate Judge did not omit material facts from the analysis.

Plaintiff objects that the Magistrate Judge omitted four material facts from the analysis. This objection is without merit.

First, Plaintiff objects to the Magistrate Judge's statement that Plaintiff's Complaint in this action is "nearly identical" to Plaintiff's complaint in the First Action and is "on the same issues and facts." (Doc. No. 20, at 4.) Plaintiff states that its Complaint contains twenty-three additional paragraphs that were not included in its original complaint. These new allegations, however, all pertain to the case or controversy requirement. While these new allegations are relevant to the jurisdictional issue currently before the Court, the fact remains that Plaintiff's Complaint requests the same exact declaratory judgment it sought in the First Action and, thus, is "nearly identical" to Plaintiff's original complaint.

Second, Plaintiff contends that the Magistrate Judge omitted the fact that Justin's TTAB opposition objected to Plaintiff's use of the OVERBROOK mark. However, the Magistrate Judge expressly noted that the TTAB opposition objected to Plaintiff's use of the mark: "In its 'Notice Of Opposition' Defendant Justin alleges that Plaintiff's use of the OVERBROOK mark 'is likely to cause confusion, mistake, or deception' related to Defendants' OVERLOOK products." (Doc. No. 19, at 3.)

7

Third, Plaintiff contends that the Magistrate Judge omitted Defendants' statement in their reply brief in the First Action referring to this dispute between the parties as a "trademark dispute." The Court does not find, and Plaintiff has not demonstrated, that this is a material fact.

Fourth and last, Plaintiff contends that the Magistrate Judge omitted correspondence between the parties' counsel occurring in October 2018. This correspondence, however, was after Plaintiff filed the instant action and, thus, is irrelevant to the actual case or controversy analysis. Winestore Holdings LLC, 2018 U.S. Dist. LEXIS 133669, at *14–15.

### B. The Magistrate Judge considered the TTAB opposition notwithstanding any misconstrual of the Court's prior decision.

Plaintiff contends that the Magistrate Judge misconstrued this Court's decision in the First Action by concluding that this Court addressed the TTAB proceeding in its earlier decision. Although the Court noted the existence of the TTAB proceeding in its decision in the First Action, it explained that it did not consider the TTAB proceeding in ruling on Defendants' motion to dismiss because Justin filed the TTAB opposition after Plaintiff filed the original complaint. Id. Nevertheless, the Magistrate Judge expressly stated that "even if this Court explicitly declined to consider the TTAB proceeding in the prior analysis, the undersigned is not convinced that the TTAB proceeding changes the Court's position." (Doc. No. 19, at 10.) And, as discussed below, the Court agrees with the Magistrate Judge that the TTAB opposition—including its contents—does not change the Court's position.

8

### C. Under the totality of the circumstances, Plaintiff failed to establish an actual controversy.

Plaintiff's third objection stems from its first two objections: Plaintiff contends that by failing to consider the substance of the TTAB opposition, the Magistrate Judge did not consider the totality of the circumstances and applied inapposite case law. The parties cite to several cases addressing TTAB oppositions in the context of the actual controversy requirement for a declaratory judgment action. Not unsurprisingly, Defendants cite to cases in which courts held that a TTAB opposition was insufficient to establish an actual controversy, and Plaintiff cites to cases in which courts held that a TTAB opposition was sufficient.

Some of the cases on which the parties rely are too factually distinct from the facts of this case to provide much guidance. For example, in Whole E Nature, LLC v. Wonderful Co., LLC, No. 17-cv-10, 2017 U.S. Dist. LEXIS 155554 (S.D. Cal. Sept. 22, 2017), the court concluded that plaintiff sufficiently presented an actual controversy. In that case, defendant filed an opposition to plaintiff's registration application with the TTAB claiming that plaintiff's mark infringed on and diluted defendant's marks. 2017 U.S. Dist. LEXIS 155554, at *2–3. In addition, prior to filing the opposition, defendant (1) demanded that plaintiff stop selling the products using the allegedly infringing mark, (2) told plaintiff that it would seek an injunction against plaintiff's infringing use of the mark, and (3) told plaintiff that "future sales might be the subject of a lawsuit for injunctive relief." Id. at *2. These distinguishable facts diminish Whole E Nature' persuasive authority.

Defendants principally rely on Hogs & Heroes Found., Inc. v. Heroes, Inc., 202

F. Supp. 3d 490 (D. Md. 2016), in which the court concluded that plaintiff failed to establish an actual controversy. In that case, defendant filed an opposition to plaintiff's registration application with the TTAB. 202 F. Supp. 3d at 492. The defendant in Hogs & Heroes did not challenge plaintiff's use of the mark, unlike Justin's TTAB opposition here.

Defendants and Plaintiff do cite more analogous cases in which courts analyzed whether, standing alone, a TTAB opposition that challenged plaintiff's use of the mark in addition to its registration was sufficient to meet the actual controversy requirement.

In Neilmed Prods. v. Med-Systems, defendant filed a notice of opposition to plaintiff's registration application with the TTAB. 472 F. Supp. 2d 1178, 1179 (N.D. Cal. 2007). In the opposition, defendant alleged that plaintiff's proposed mark was "strikingly similar" to defendant's mark, was causing "widespread actual confusion" in consumers that was "substantial," and was "likely to cause confusion, to cause mistake, or to deceive consumers," tracking a claim for infringement. Id. at 1181. The court concluded that by invoking the language of trademark infringement, the opposition created a reasonable apprehension of litigation in plaintiff and, thus, was sufficient to establish an actual controversy. Id. at 1182.

Similarly, in San Diego Cty. Credit Union v. Citizens Equity First Credit Union, defendant filed a petition for cancellation of plaintiff's trademark with the TTAB. 344 F. Supp. 3d 1147, 1152 (S.D. Cal. 2018). In the petition for cancellation, defendant alleged that the mark was likely to cause confusion, mistake, or deception.

10

Id. The court concluded that by alleging the elements of a trademark infringement claim, the petition for cancellation created a reasonable apprehension of litigation in plaintiff and, thus, was sufficient to establish an actual controversy. Id. at 1157.

Conversely, in 1-800-Flowers.com, Inc. v. Edible Arrangements, LLC, defendant filed six notices of opposition to plaintiff's registration application with the TTAB. 905 F. Supp. 2d 451, 453 (E.D.N.Y. 2012). In all the oppositions, defendant alleged that it would be damaged by the use and registration of plaintiff's mark and asserted a likelihood of confusion, tracking a claim for infringement. Id. Plaintiff argued that the oppositions were sufficient to establish an actual controversy because the oppositions challenged not only the registration of plaintiff's mark, but also its use. Id. at 455. The court rejected plaintiff's argument and concluded that the language of the oppositions, without more, was insufficient to establish an actual controversy between the parties. Id. at 456.

In Halo Lifestyle LLC v. Halo Farm, Inc., defendant filed eleven notices of opposition to plaintiff's registration application with the TTAB. No. 18 Civ. 9459, 2019 U.S. Dist. LEXIS 65075, at *3 (S.D.N.Y. Apr. 16, 2019). In all the oppositions, defendant claimed that plaintiff's marks infringed on defendant's marks. Id. at *3, *13. Plaintiff argued that the oppositions were sufficient to establish an actual controversy because the oppositions challenged not only the registration of plaintiff's mark, but also its use. Id. In rejecting plaintiff's argument, the court noted that courts in the second circuit have found an actual controversy where a TTAB opposition challenged use of the mark and the party who filed the opposition also

11

threatened legal action. Id. at *14–15. The court concluded that the language of the oppositions, without more, was insufficient to establish an actual controversy between the parties. Id. at *13–14.

The Court agrees with the latter cases and concludes that a single TTAB opposition that objects to use of a mark, in addition to registration, is insufficient, without more, to establish an actual controversy between the parties. A single TTAB opposition simply does not present a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. See Surefoot LC v. Sure Foot Corp., 531 F.3d 1236, 1238–39, 1247 (10th Cir. 2008) (noting that it "ha[d] no need today to pass on what MedImmune means to a case where the only indicia of a live infringement controversy is the existence of a single TTAB opposition proceeding, or perhaps a single cease-and-desist letter" and finding an actual controversy where defendant sent plaintiff a cease and desist letter stating that use of plaintiff's mark infringed on defendant's mark and demanding that plaintiff stop using the mark, threatened litigation on more than one occasion, filed a petition to cancel plaintiff's trademark with the TTAB, and filed four oppositions to plaintiff's registration applications with the TTAB); Sasson v. Presse, No. 15-cv-00194, 2016 U.S. Dist. LEXIS 52902, at *2–3 (S.D.N.Y. Apr. 20, 2016) (finding an actual controversy where defendant, in addition to filing a notice of opposition to plaintiff's registration application, sent plaintiff a cease and desist letter asserting that plaintiff's mark could cause consumer confusion and dilute defendant's mark and demanding plaintiff stop using the mark). Defendants' April 25, 2017 email, even in

12

conjunction with the TTAB opposition, does not transform this suit into one based on an actual controversy for the reasons stated in this Court's earlier decision. Winestore Holdings LLC, 2018 U.S. Dist. LEXIS 133669.

IV. **CONCLUSION**

**IT IS THEREFORE ORDERED** that:

1. Defendants' Motion to Dismiss, or in the Alternative, Stay, (Doc. No. 5), is **GRANTED**; and

2. The Clerk of Court is directed to close this case.

Signed: September 18, 2019

Robert J. Conrad, Jr.
United States District Judge